UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

J. GARY COSBY,

    Plaintiff,

v.                                                            Civil Action No: 4:17cv112

HUNTINGTON INGALLS
INCORPORATED

    Defendant.

## MEMORANDUM ORDER

This matter is before the Court on a motion to set aside settlement filed by Plaintiff J. Gary Cosby ("Plaintiff" or "Cosby"), ECF No. 9, a motion to withdraw filed by James R. Theuer ("Plaintiff's counsel" or "Theuer"), ECF No. 10, and a motion to enforce settlement filed by Defendant Huntington Ingalls Incorporated ("Defendant" or "HII"), ECF No. 13. For the reasons stated below, the Court **GRANTS** Defendant's motion to enforce the settlement, **GRANTS** Mr. Theuer's motion to withdraw, and **DENIES** Plaintiff's motion to set aside settlement.

### I. BACKGROUND

In September 2017, Plaintiff filed the instant suit alleging that HII had violated the Americans with Disabilities Act ("ADA") by refusing to permit him to return to work after he became disabled. Compl., ECF No. 1. Prior to suffering a heart attack in January 2015, Cosby had worked at HII as a machinist for twelve years. Id. at ¶

1

8. In July 2015, Plaintiff's cardiologist cleared him to return to work, but HII refused to permit Plaintiff to return to work on the ground that HII's worksite presented numerous unavoidable hazards to Plaintiff's health. Id. at ¶¶ 12-16. Plaintiff asserts that he is disabled within the meaning of the ADA and that HII has violated his rights under the ADA by refusing to engage in a reasonable accommodation process for employees returning from heart trauma with installed devices. Id. at ¶¶ 19-20.

On December 21, 2017, with the assistance of retired United States Magistrate Judge F. Bradford Stillman ("Mediator"), the parties engaged in an all-day mediation. Def.'s Mot. Enf. Settle. Br. 1, ECF No. 18. Among those present with Plaintiff at the mediation were his counsel, Mr. Theuer, and Plaintiff's long-term domestic partner, Ms. Linda Scalia. Id. at 2. During the mediation, Defendant made an offer of settlement, which was communicated to Cosby by the Mediator. Id. After conferencing with Mr. Theuer and Ms. Scalia, Cosby accepted the agreement. Id. The parties then prepared a document that records the terms of the agreement that they titled "Term Sheet". Id. Plaintiff, Mr. Theuer, and a representative for Defendant all signed the term sheet. Id. Later that night, the Mediator sent an email to counsel for both parties congratulating them on the settlement of the matter. Id. at 4.

The following day, Plaintiff filed the instant motion to set aside settlement. ECF No. 9. He asserts that he was "not supported by his counsel at the mediation held by the parties on December 21, 2017." Id. He further states that "Plaintiff's counsel tried to satisfy the Defendant at the mediation, and Plaintiff was misled by his counsel such that his signature on the settlement term sheet was a mistake." Id. Notably, Plaintiff acknowledges in his motion that the parties in fact reached a settlement on the matter and refers to the document he signed as "the settlement term sheet". Id.

On that same day, Mr. Theuer filed his motion to withdraw. ECF No. 10. He states that he cannot continue as Plaintiff's counsel first because "the relationship between the Plaintiff and counsel is irretrievably broken," and second because he is likely to be a material witness in the resolution of the instant motion to set aside settlement. Id. On January 2, 2018, Defendant responded to the motion to withdraw stating it does not oppose such motion. ECF No. 12. Plaintiff has not filed any response to Mr. Theuer's motion to withdraw.

On January 2, 2018, HII responded to Plaintiff's motion to set aside settlement, ECF No. 11, and filed the instant motion to enforce settlement, ECF No. 13. In its brief in support of its motion to enforce settlement, HII first notes that Plaintiff does not dispute that the parties reached a settlement on the matter or that the settlement is memorialized in the term sheet. Id. at 1-2, ECF No.

3

18. HII also points out that Plaintiff—by asserting that he made a "mistake" because he was "not supported" by his counsel, who purportedly "tried to satisfy the Defendant at mediation"—has merely alleged that he was provided inadequate representation during mediation. Id. at 2 (quoting Pl.'s Mot. Set Aside Settle. 1). Defendant asserts that an allegation of inadequate representation is insufficient, in the absence of claims that the settlement is "substantially unfair," for a court to set aside the settlement, and therefore requests that the Court enforce the settlement agreement. Id. at 2-3.

On January 10, 2018, Plaintiff replied in opposition to Defendant's motion to enforce the settlement. ECF No. 19. In his response, Plaintiff again does not deny Defendant's assertion that the parties reached an agreement to settle the case that was memorialized in the term sheet, though he cryptically states that "the information presented by Defendant at the mediation was incorrect." Id.

Having been fully briefed, the instant motions are ripe for disposition.

## II. ANALYSIS

The Court first addresses the parties' motions to enforce or set aside the settlement agreement before turning to address Mr. Theuer's motion to withdraw.

### A. Motion to Enforce Settlement and Motion to Set Aside Settlement

District courts possess "inherent authority, deriving from their equity power, to enforce settlement agreements." Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002) (citing Millner v. Norfolk & W. Ry. Co., 643 F.2d 1005, 1009 (4th Cir. 1981)). Resolution of a motion to enforce a settlement agreement draws on standard contract principles. Id. To enforce a settlement agreement, a district court must (1) find that the parties agreed to settle the case, and (2) be able to determine terms of the settlement. Moore v. Beaufort Cty., N.C., 936 F.2d 159, 162 (4th Cir. 1991). Where a court finds that the parties entered into a binding settlement agreement, it may summarily enforce the agreement without a plenary hearing. Hensley, 277 F.3d. at 540. Where, on the other hand, there is a material dispute about the existence of a valid settlement agreement or of an attorney's authority to enter a settlement agreement on behalf of his client, a district court must conduct a plenary hearing to resolve the dispute. Id.

A material dispute about the validity of a settlement agreement does not exist where a party merely alleges inadequate representation by his attorney during settlement discussions. Petty v. Timken Corp., 849 F.2d 130, 133 (4th Cir. 1988). In such cases, "[u]nless the resulting settlement is substantially unfair, judicial economy

5

commands that a party be held to the terms of a voluntary agreement." Id.; see also Sherman v. Philip Morris, Inc., 960 F.2d 147 (4th Cir. 1992) (unpublished) (affirming district court's enforcement of a settlement agreement and rejecting plaintiff's argument on appeal that inadequate representation by plaintiff's attorney had rendered his consent involuntary). In the absence of a showing that an agreement is substantially unfair, a valid settlement agreement will not be set aside where a party merely has second thoughts about having agreed to the settlement. Petty, 849 F.2d at 133 ("At most, Petty appears to have had second thoughts about the level of his recovery. That does not, however, establish unfairness or justify setting aside an otherwise valid [settlement] agreement."); see also Young v. F.D.I.C., 103 F.3d 1180, 1195 (4th Cir. 1997) ("[H]aving second thoughts about the results of a settlement agreement does not justify setting aside an otherwise valid agreement.").

Here, there appears to be no dispute that the parties agreed to settle the case. Cosby freely admits in his motion that he signed the "settlement term sheet", though he claims it was a "mistake" to do so. Pl.'s Mot. Set Aside Settle. 1, ECF No. 9. Plaintiff has also failed to deny any of Defendant's assertions about how he accepted the settlement offer. In addition, Defendant has submitted the signed term sheet that verifies that the parties came to an agreement to settle the case. Ex. A, ECF No. 18-1. The term sheet is titled "Cosby HII Term Sheet 12/21/17", and it lists the key

provisions of the agreement. Id. It is also signed by Plaintiff, Mr. Theuer, and a representative of HII. Id. The agreement thus gives the appearance of being a document intended to memorialize an agreement between the parties to settle the case.[1] Plaintiff's only statement that remotely suggests that the parties did not reach a valid agreement is his statement that "the information presented by Defendant at the mediation was incorrect." Id., ECF No. 19. In the absence of some elaboration of that statement, the Court is unaware of what information Plaintiff is suggesting was inaccurate and how that might have prevented a true meeting of the minds between the parties. As detailed below, the terms of the agreement are plainly discernable, and Plaintiff has not plausibly alleged that any kind of fraud by Defendant induced him to accept the settlement. Thus, Plaintiff's vague statement about the information presented by Defendant at the mediation being inaccurate does not create a genuine dispute about the validity of the agreement. Plaintiff also has alleged that his counsel rendered inadequate representation in recommending that Cosby accept the settlement, but this is not a proper ground for invalidating the agreement. Petty, 849 F.2d at 133. Because the undisputed facts stated above show that the parties agreed to settle the case, and because Plaintiff has failed to plausibly allege any basis for finding that the agreement is void,

---

[1] Under Virginia law, a signed term sheet covering the essential terms of a settlement constitutes an enforceable settlement agreement. LongView Int'l Tech. Sols., Inc. v. Lin, No. 160228, 2017 WL 1396062, at *3 (Va. Apr. 13, 2017).

the Court concludes that there is no genuine dispute that the parties agreed to settle the case.

The Court also finds that the terms of the agreement are readily discernible. The term sheet states that "Defendant agrees to pay":



Id. These terms plainly indicate the exact financial settlement agreed to by the parties. The agreement further states that it is subject to the following "Additional terms":



Id. While most of these additional terms are noted in bullet point format, their meaning is readily apparent. The Court notes that Plaintiff has not complained that these terms do not accurately capture the agreement or that they are too broadly worded to constitute terms of a binding settlement agreement. The Court also

notes that Plaintiff has not argued that the agreement is substantially unfair, and notes that, in any case, the Court has reviewed the terms itself and finds that they are not substantially unfair.

In light of the above, the Court finds that (1) the parties agreed to settle the case, and (2) the terms of the agreement are readily discernable. The Court further finds that the agreement is not substantially unfair and that there is no basis for finding that the agreement is void. Therefore, because the parties entered into a valid agreement to settle the case, the Court **GRANTS** Defendant's motion to enforce the settlement, ECF No. 13, and **DENIES** Plaintiff's motion to set aside settlement, ECF No. 9.

### B. Motion to Withdraw as Attorney

The withdrawal of appearance by an attorney is governed by Local Civil Rule 83.1(G), which states:

> (G) Withdrawal of Appearance: No attorney who has entered an appearance in any civil action shall withdraw such appearance, or have it stricken from the record, except on order of the Court and after reasonable notice to the party on whose behalf said attorney has appeared.

E.D. Va. Civ. R. 83.1(G). Mr. Theuer complied with this rule when he filed the motion to withdraw with the Court and certified that he sent a copy of the motion to his client. Mot. Withdraw 2, ECF No. 10. Because Plaintiff filed a motion on the same day as Mr. Theuer's motion that accused Mr. Theuer of inadequate representation during the settlement negotiations and thus implied that he wished

to terminate Mr. Theuer's services, the Court finds that Mr. Theuer gave his client reasonable notice of his intent to withdraw. The Court also notes that Cosby has had ample opportunity to complain about the timing of Mr. Theuer's motion to withdraw, but has not done so.

The withdrawal of an attorney is also governed by the Virginia State Bar Rules of Professional Conduct, which provide:

> [A] lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client if:
>
> (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is illegal or unjust;
>
> (2) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
>
> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (6) other good cause for withdrawal exists.

Va. Rules Prof'l Conduct 1.16(b). In this case, Mr. Theuer is

claiming that good cause exists for his withdrawal because his relationship with Plaintiff is "irretrievably broken." Mot. Withdraw 1. Because Plaintiff has not opposed this motion and because he has accused his counsel of having rendered inadequate performance during settlement negotiations, the Court agrees that good cause exists for granting the motion. Va. Rules Prof'l Conduct 1.16(b)(6). The Court also finds that Mr. Theuer's withdrawal will not have a material adverse effect on Cosby. Therefore, the Court **GRANTS** Mr. Theuer's motion to withdraw. ECF No. 10.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to enforce the settlement, ECF No. 13, and **DENIES** Plaintiff's motion to set aside settlement, ECF No. 9. The Court also **GRANTS** Mr. Theuer's motion to withdraw. ECF No. 10.

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 27, 2018